IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAULETTE D. BENARD, | ) |
|     Plaintiff, | ) |
| | ) |
| vs | )   Civil Action No. 06-527 |
| | ) |
| WASHINGTON COUNTY; CITY OF | ) |
| WASHINGTON; CORPORAL DANIEL | ) |
| STANEK, individually and in his capacity as a | ) |
| police officer with the City of Washington | ) |
| Police Department; WASHINGTON COUNTY | ) |
| SHERIFF'S OFFICE; LARRY O. MAGGI, | ) |
| individually and in his capacity as the former | ) |
| Sheriff of Washington County; T. WILLIAM | ) |
| BRYKER, individually and in his capacity as a | ) |
| former Captain with the Washington County | ) |
| Sheriff's Office; JOHN C. RHEEL, individually | ) |
| and in his capacity as a former Chief Deputy | ) |
| Sheriff with the Washington County Sheriff's | ) |
| Office; and DENISE STRAFFON, | ) |
|     Defendants. | ) |

OPINION AND ORDER

MITCHELL, Magistrate Judge:

      Presently before the Court are the defendants' motions to dismiss several counts of the plaintiff's amended complaint. For reasons discussed below, Denise Straffon's motion to dismiss Counts III and VI of the amended complaint (Document No. 35) is granted, City of Washington and Corporal Daniel Stanek's motion to dismiss Counts III, V and VI of the amended complaint (Document No. 39) is granted as to Counts III and VI, and as to Count V insofar as it pertains to the City of Washington and denied in all other respects, and the motion to dismiss filed by Washington County, its Sheriff's Office, Larry Maggi, T. William Bryker and John Rheel

(Document No. 37) is granted as to all claims against the Washington County Sheriff's Office, as to Counts III and VI, as to the Title VII claim in Count I insofar as it pertains to defendants Maggi, Bryker and Rheel, and as to Count V insofar as it pertains to Washington County and denied in all other respects.

The plaintiff, Paulette D. Benard, has filed an amended civil rights complaint against Washington County, its Sheriff's Office, Larry O. Maggi, T. William Bryker, and John C. Rheel, individually and in their capacities as former officials of Washington County or its Sheriff's Office (the "County defendants"), City of Washington, Corporal Daniel Stanek, individually and in his capacity as a police officer with the City of Washington, and Denise Straffon. This action arises from the plaintiff's suspension without pay as a deputy sheriff with the Washington County Sheriff's Office on April 26, 2002, the termination of her employment in November 2002, and the filing of criminal charges against her which were subsequently withdrawn on April 19, 2004.

The plaintiff alleges in the amended complaint that she was employed by the Washington County Sheriff's Office as a deputy sheriff in December 1991; that on April 16, 2002, she was on duty at the Washington County Courthouse, where she was required to search individuals when they entered the courthouse, as well as their personal effects; that on that date, defendant Denise Straffon and her ten year old son sought to enter the courthouse, and in accordance with her duties, the plaintiff searched Straffon's purse; that Straffon began screaming that the plaintiff took money from her purse (about $50), whereupon the plaintiff told her to calm down and count her money; that upon counting the money in her purse, Straffon acknowledged it was all there, but she claimed the plaintiff returned the money following her screams; and that a

courthouse employee witnessed the event and confirmed it did not happen as Straffon claimed.

The plaintiff contends that defendant Straffon complained to the Washington County Sheriff's Office, and the County defendants, together with the City of Washington and defendant Stanek, initiated an investigation into the matter; that on April 26, 2002, defendants Maggi, Rheel and Bryker suspended her without pay for refusing to participate in an investigation into a complaint of theft by unlawful taking and failure to obey a direct order; that Maggi and Stanek reviewed the matter with District Attorney John Petit, who refused to recommend that an arrest be made; that nonetheless, the Sheriff of Washington County and its police department filed charges against the plaintiff, including theft by unlawful taking or disposition, criminal attempt and official oppression based on false evidence produced by the County defendants and false statements made by defendant Straffon; that in November 2002, the plaintiff's employment was terminated; that the Office of the Attorney General subsequently reviewed the case and concluded there was insufficient evidence to prosecute; and that on April 19, 2004, the charges against her were formally withdrawn, but she has not been re-employed.

Based on these complained-of acts, the plaintiff has filed a six-count amended complaint.  Count One is captioned "Discrimination on the Basis of Gender", but the plaintiff fails to specify whether the claim arises under 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), or both statutes, and the claim is brought against unnamed defendants.  In Count II, the plaintiff asserts a claim for gender discrimination in violation of the Equal Protection Clause of the Pennsylvania Constitution and/or the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, et seq. ("PHRA"), which is brought against unnamed defendants.  In Count III, the plaintiff purports to state a claim for

intentional infliction of emotional distress against unnamed defendants. Count IV is captioned "Retaliatory Suspension and/or Discharge" in violation of unspecified law, and it is brought against unnamed defendants. In Count Five, the plaintiff asserts that all defendants are liable for the state law tort of malicious prosecution. In Count Six, the plaintiff claims that all the defendants violated her civil rights by engaging in malicious prosecution in violation of her Fourth Amendment right against unreasonable seizures. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367.

In response to the amended complaint, the defendants have filed motions to dismiss certain claims against them pursuant to F.R.Civ.P. 12(b)(6). In reviewing a motion to dismiss, all well-pleaded allegations of the complaint must be accepted as true and viewed in a light most favorable to the non-movant. Estelle v. Gamble, 429 U.S. 97 (1976); Shaev v. Saper, 320 F.3d 373, 375 (3d Cir. 2003).

Denise Straffon's motion to dismiss:

Defendant Straffon avers that there are three claims in the amended complaint which appear to be directed to her; namely, intentional infliction of emotional distress (Count III), state law malicious prosecution (Count V), and a Fourth Amendment civil rights violation (Count VI). Straffon moves to dismiss as time-barred the plaintiff's claims for intentional infliction of emotional distress (Count III) and civil rights violation (Count VI). Straffon also argues that the civil rights claim in Count VI cannot lie against her, as she is not a state actor.

Under the Federal Rules of Civil Procedure, a statute of limitations defense must be raised in the answer, since Rule 12(b) does not permit such a defense to be raised by motion. Robinson v. Johnson, 313 F.3d 128, 134-35 (3d Cir. 2002), cert. denied, 124 S.Ct. 48 (2003).

However, as the Court in Robinson explained: "the law of this circuit (the so-called 'Third Circuit Rule') permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Id. at 135. "If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." Id.

      Here, the statute of limitations defense is properly raised in Straffon's motion to dismiss (and in the other defendants' motions to dismiss), for it appears from the amended complaint that the plaintiff's claim for intentional infliction of emotional distress is time-barred. The defendants are correct that a two-year limitations period applies to claims for intentional infliction of emotional distress. See, 42 Pa.C.S. § 5524; Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 80 (3d Cir. 1989). Under Pennsylvania law, the statute of limitations begins to run when the right to institute and maintain a claim arises. Dalrymple v. Brown, 701 A.2d 164, 167 (Pa. 1997).

      The plaintiff commenced this action on April 19, 2006. Thus, all complained-of acts attributed to the defendants which occurred prior to April 19, 2004 and are said to have caused the plaintiff emotional distress are time-barred. With respect to Denise Straffon, her act of reporting the plaintiff's alleged theft to the Sheriff's Office occurred in 2002. Clearly as to her, Count III is time-barred.

      As to the other defendants, to the extent the plaintiff claims that her failure to be re-employed since April 19, 2004 constitutes viable grounds for a claim of intentional infliction of emotional distress (amended complaint at ¶ 47), we disagree. Section 46(1) of the Restatement (Second) of Torts defines intentional infliction of emotional distress as:

> One who by extreme and outrageous conduct intentionally
> or recklessly causes severe emotional distress to another
> is subject to liability for such emotional distress, and if
> bodily harm to the other results from it, for such bodily harm.

Liability under this section has been found only where the conduct has been

> so outrageous in character, so extreme in degree, as to go
> beyond all possible bounds of decency, and to be regarded as
> atrocious, and utterly intolerable in a civilized society.

Kazatsky v. King David Memorial Park, 527 A.2d 988, 994 (Pa. 1987).

To state such a claim, "the conduct must be so extreme that it offends the very moral values of our society." Williams v. Fedor, 69 F.Supp.2d 649, 668 (M.D.Pa. 1999), aff'd., 211 F.3d 1263 (3d Cir. 2000). "[O]nly the most egregious conduct" will sustain such a claim. Hoy v. Angelone, 720 A.2d 745, 754 (Pa. 1998). "Overreaching, but not abusive, tactics used in the course of everyday living will not support a claim for intentional infliction of emotional distress." Bradshaw v. General Motors Corp., 805 F.2d. 110, 114 (3d Cir. 1986).

Here, the defendants failure to re-employ the plaintiff after the criminal charges against her were withdrawn is not so outrageous in character, nor so extreme in degree as to support a claim for intentional infliction of emotional distress. Accordingly, Count III of the amended complaint is dismissed as to all defendants.

Civil rights claims under 42 U.S.C. § 1983 are also subject to a two-year statute of limitations. That is because "[i]n actions under 42 U.S.C. § 1983, federal courts apply the state's statute of limitations for personal injury." Sameric Corp. of Delaware v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998), citing Wilson v. Garcia, 471 U.S. 261, 276-78 (1985). Since Pennsylvania's statute of limitations for personal injury is two years, 42 Pa.C.S.A. § 5524, the plaintiff's civil rights claims are subject to a two-year limitations period. See, Sameric Corp., 142

F.3d at 599, citing Smith v. City of Pittsburgh, 764 F.2d 188, 194 (3d Cir. 1985), cert. denied, 474 U.S. 950 (1985).

The Third Circuit Court of Appeals has explained: "[a] section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based." Sameric Corp., 142 F.3d at 599.  Stated differently, "[t]he statute of limitations begins to run ... when the first significant event necessary to make the claim suable occurs." Lake v. Arnold, 232 F.3d 360, 366 (3d Cir. 2000).  Here, the plaintiff has clarified that her § 1983 claim in Count VI is predicated on the defendants' alleged malicious prosecution.  The plaintiff's cause of action for malicious prosecution arose on April 19, 2004 when the criminal charges against her were formally withdrawn and approved by the Court of Common Pleas of Washington County (amended complaint at ¶ 35).  Having commenced this action on April 19, 2006, the plaintiff's civil rights claim in Count VI is timely.

Nonetheless, the § 1983 claim in Count VI cannot lie against defendant Straffon, as there are no allegations that she acted under color of law.[1]  The United State Supreme Court has stated: "When Congress enacted § 1983 as the statutory remedy for violations of the Constitution, it specified that the conduct at issue must have occurred under color of state law; thus liability attaches only to those wrongdoers who carry a badge of authority of a State and represent it in some capacity." NCAA v. Tarkanian, 488 U.S. 179, 191 (1988).

To determine if a private actor such as Denise Straffon is subject to scrutiny under §1983, we must assess whether her alleged conduct can be "fairly attributable to the state." Lugar

---

1. Under 42 U.S.C. § 1983, liability is imposed on any person who, under color of state law, deprives another of any rights secured by the Constitution or the laws of the United States.

v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).  While there is no single or uniform test to determine if a private act may be attributable to the state, it is clear that "a challenged activity may be state action ... when a private actor operates as a 'willful participant in joint activity with the State or its agents'".  Brentwood Academy v. Tennessee Secondary School Athl. Ass'n., 531 U.S. 288, 296 (2001), quoting Lugar, supra, 457 U.S. at 941.

      Here, the plaintiff alleges that defendant Straffon made false statements against her and complained to the Washington County Sheriff's Office, which then initiated an investigation into the matter.  To constitute state action, however, Straffon must be deemed to have engaged in a conspiracy with state actors, or been a willful participant in a joint activity with them.  See, Dennis v. Sparks, 449 U.S. 24, 27-28 (1980); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970).  No such allegations are made here, and it appears from the pleadings that Straffon acted independently of the state actors, not in joint concert with them.  Further, as discussed more fully below, the plaintiff has failed to state a viable claim in Count VI.

      Therefore, Denise Straffon's motion to dismiss Counts III and VI of the amended complaint is granted.  However, the state law malicious prosecution claim against Straffon in Count V remains.

City of Washington and Corporal Daniel Stanek's motion to dismiss:

      Defendants City of Washington and Corporal Daniel Stanek move to dismiss the plaintiff's claims for intentional infliction of emotional distress (Count III) and violation of her Fourth Amendment rights premised on malicious prosecution (Count VI).  They also move to dismiss the plaintiff's state law malicious prosecution claim (Count V) as to the City of Washington and as to defendant Stanek in his official capacity by virtue of the Pennsylvania

Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8541 et seq. ("Tort Claims Act").

For reasons discussed above, Count III will be dismissed as to these movants. Further, while the Fourth Amendment claim for malicious prosecution in Count VI is timely, the plaintiff has failed to plead a viable claim in Count VI.

To state a cognizable § 1983 claim for malicious prosecution, a plaintiff must allege that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. DiBella v. Borough of Beachwood, 407 F.3d 599, 601 (3d Cir. 2005). Here, while the amended complaint sets forth allegations which satisfy elements (1) through (4) above, it fails to provide sufficient facts to show that the plaintiff suffered a deprivation of liberty consistent with the concept of a Fourth Amendment seizure.

In DiBella, supra, the Court explained that "[p]retrial custody and some onerous types of pretrial, non-custodial restrictions constitute a Fourth Amendment seizure." Id. at 603. As an example of restrictions amounting to a seizure, the Court in DiBella recited facts from the case of Gallo v. City of Philadelphia, 161 F.3d 217 (3d Cir. 1998), and explained:

> The plaintiff in Gallo was arrested for arson and posted a $10,000 bond; he was prohibited from traveling outside of Pennsylvania and New Jersey, required to contact Pretrial Services on a weekly basis, and required to attend all court hearings including his trial and arraignment. This court concluded that 'although it was a close question, we agree with Gallo that these restrictions amounted to a seizure.'

407 F.3d at 602, citing Gallo, 161 F.3d at 222.

9

In contrast, a Fourth Amendment seizure did not occur in DiBella where a plaintiff was issued a summons, but was not arrested, did not post bail, was free to travel, did not have to report to pretrial services, and was simply required to attend trial. DiBella, 407 F.3d at 603. Here, the plaintiff alleges that she was arrested, but released on her own recognizance, was required to notify the court and bail authority if she changed her address, and was required to attend court proceedings (amended complaint at ¶¶ 33 and 56). Notably lacking from her pleadings, however, are imposed restrictions which amount to a seizure. Unlike in Gallo, which the Court deemed "a close question", the plaintiff here was free to travel, did not have to post bail, and did not have to report to pretrial services. As explained in DiBella, "[p]retrial custody and some onerous types of pretrial, non-custodial restrictions constitute a Fourth Amendment seizure." 407 F.3d at 603. Based on the foregoing, we find that the plaintiff has not alleged facts showing she suffered a deprivation of liberty consistent with a Fourth Amendment seizure. Accordingly, Count VI is dismissed.

With respect to the state law claim of malicious prosecution in Count V, it will be dismissed as to the City of Washington by virtue of the Tort Claims Act, but not as to defendant Stanek. The Tort Claims Act, with certain exceptions not applicable here, grants immunity to local agencies and their employees for personal injury and property damage caused by their conduct. 42 Pa.C.S. § 8541.[2]

---

2. Exceptions to immunity under the Tort Claims Act involve acts falling within the following categories: (1) vehicle liability, (2) the care, custody or control of personal property of others, (3) the care, custody or control of real property in the possession of the local agency, (4) trees, traffic controls and street lighting, (5) utility service facilities, (6) streets, (7) sidewalks, and (8) the care, custody or control of animals. 42 Pa.C.S.A. § 8542(b). Clearly, the defendants' complained-of acts do not fall within any of these exceptions to immunity.

Under the Tort Claims Act, a local agency is exempt from its own acts or the acts of its employees that constitute "crimes, actual fraud, actual malice or willful misconduct". 42 Pa.C.S. § 8542(a)(2). Since intentional torts, including malicious prosecution, constitute "willful misconduct", a local agency cannot be liable for such claims pursuant to the Tort Claims Act. Maloney v. City of Reading, 2006 WL 305440, *5 (E.D.Pa., Feb. 8, 2006), aff'd., 2006 WL 2986460 (3d Cir., Oct. 19, 2006). Thus, the malicious prosecution claim in Count V is dismissed as to the City of Washington.

As to defendant Stanek, it is clear that an employee of a local agency acting within the scope of his duties enjoys the same immunity as the local agency, Id., citing 42 Pa.C.S. § 8545; however, "the employee may be stripped of his immunity when he engages in conduct that is found to constitute a 'crime, actual fraud or willful misconduct'", such as malicious prosecution. Maloney, 2006 WL 305440 at *5-*6, citing 42 Pa.C.S. § 8550. Since the plaintiff contends that Stanek knowingly filed the criminal complaint against her based on false evidence, false statements and in reckless disregard of her rights (amended complaint at ¶ 32), Stanek is not afforded immunity from the malicious prosecution claim in Count V.

Therefore, the motion to dismiss filed by defendants City of Washington and Corporal Stanek is granted as to Counts III and VI, and as to the City of Washington in Count V. However, the state law malicious prosecution claim against Stanek in Count V remains.

County defendants' motion to dismiss:

The County defendants move to dismiss all claims against the Washington County Sheriff's Office. It is clear that "[a] municipality and its police department [are treated] as a single entity for purposes of § 1983 liability". Bonenberger v. Plymouth Township, 132 F.3d 20,

25 n.4 (3d Cir. 1997). Further, case law holds that a "County Sheriff's Department is a sub-unit of [the] County which cannot be sued because it is merely an arm of the local municipality, and thus is not a separate judicial entity." Open Inns LTD. v. Chester County Sheriff's Dept., 24 F.Supp.2d 410, 416 n.13 (E.D.Pa. 1998); Garcia v. County of Bucks, PA, 155 F.Supp.2d 259, 263 n.4 (E.D.Pa. 2001) (Sheriff's Department is not an entity subject to suit); accord, Duffy v. County of Bucks, 7 F.Supp.2d 569, 578 (E.D.Pa. 1998). Thus, Washington County's Sheriff Office is dismissed from this suit.

With respect to the plaintiff's gender discrimination claim in Count I, the County defendants argue that to the extent it is brought under 42 U.S.C. § 1983, it is time-barred. As discussed above, the plaintiff's § 1983 claims are governed by a two-year limitations period. The plaintiff complains that in 2002, she was suspended without pay and discharged based on her gender and in retaliation for filing prior charges of discrimination against the Sheriff's Office. Having commenced this action on April 19, 2006, this claim is time-barred absent a tolling of the statute of limitations.

The plaintiff asserts that the limitations period should be equitably tolled in this instance, based on a purported verbal agreement entered between counsel during her pending union grievances of wrongful suspension and termination. According to the plaintiff, after filing union grievances with the Deputy Sheriff's Association complaining of her suspension and termination, she believes that a verbal agreement was entered between those involved, including herself and legal counsel for the union, to hold in abeyance "all procedures relating to said grievances, including statutory deadlines" pending the outcome of the criminal charges filed against her (amended complaint at ¶ 12). By virtue of this purported agreement, the plaintiff

12

insists the statutory period relating to her claims of wrongful suspension and termination should by equitably tolled.

As noted above, the criminal charges against the plaintiff were formally withdrawn on April 19, 2004. Thus, if as the plaintiff claims, the parties agreed to hold the limitations period in abeyance pending the outcome of her criminal charges, her § 1983 claim for wrongful suspension and termination would be timely.

Under the doctrine of equitable tolling, a plaintiff "may sue after the statutory time period for filing a complaint has expired if [she has] been prevented from filing in a timely manner due to sufficiently inequitable circumstances." Seitzinger v. Reading Hospital and Medical Center, 165 F.3d 236, 240 (3d Cir. 1999). "'Sufficiently inequitable circumstances' have been found where a plaintiff received inadequate notice of her right to sue, where a motion for appointment of counsel was pending when the deadline accrued, or where the court has misled the plaintiff into believing that she had met all filing requirements." Taylor v. Sample News Group, 2006 WL 2540798, *4 (W.D.Pa., Aug. 31, 2006), citing Seitzinger, 165 F.3d at 240. Equitable tolling may also apply "when the defendant has actively misled the plaintiff; when the plaintiff 'in some extraordinary way' was prevented from asserting her rights; or when the plaintiff timely asserted her rights in the wrong forum." Id.

Further, and as applicable here, equitable tolling may be appropriate "where the employer's own acts or omissions have lulled the plaintiff into foregoing prompt attempts to vindicate her rights." Hammer v. Cardio Medical Products, 131 Fed. Appx. 829, 831 (3d Cir. 2005), quoting Bonham v. Dresser Indust., Inc., 569 F.2d 187, 193 (3d Cir. 1997). Likewise, a defendant may be equitably estopped from raising a defense based on the statute of limitations

13

"where the plaintiff knew of the existence of [her] cause of action but the defendant's conduct caused [her] to delay in bringing [her] lawsuit ... thereby lulling her into a false security". Vadino v. A. Valey Engineers, 903 F.2d 253, 263 (3d Cir. 1990).

The County defendants are correct that "the pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the statute of limitations." Delaware State College v. Ricks, 449 U.S. 250, 261 (1980). However, accepting as true the plaintiff's assertion that the parties made a verbal agreement to hold the statutory period in abeyance pending the outcome of the criminal charges against her, the plaintiff may have been lulled into believing that the limitations period was effectively tolled. Thus, under the doctrine of equitable tolling, the plaintiff's § 1983 claim in Count I is not time-barred.

An employment discrimination claim may be brought under § 1983, Title VII or both statutes. Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1079 (3d Cir. 1990). To the extent Count I arises under Title VII, the County defendants argue it should be dismissed as to defendants Maggi, Bryker and Rheel, since there is no individual liability under Title VII. We agree. It is clear that "individual employees cannot be held liable under Title VII." Dici v. Com. of PA., 91 F.3d 542, 552 (3d Cir. 1996); accord, Kachmar v. Sungard Data Systems, 109 F.3d 173, 184 (3d Cir. 1997). Thus, the Title VII claim against Maggi, Bryker and Rheel cannot lie.

The Title VII claim in Count I is properly brought against Washington County. The plaintiff alleges in Count I that she was improperly suspended and terminated on the basis of her gender, and in retaliation for filing prior charges of discrimination against the Sheriff's Office (amended complaint at ¶¶ 21, 40). The County defendants move to dismiss the unlawful termination claim in Count I, arguing that the plaintiff failed to exhaust administrative remedies

for such claim, as her charge of discrimination was devoid of facts relating to her termination.

In Title VII cases as here, where a charge of employment discrimination is filed with both the Equal Employment Opportunity Commission ("EEOC") and a parallel state agency (i.e., the Pennsylvania Human Relations Commission ("PHRC")) (amended complaint at ¶13), the charge must be filed within 300 days from the date of the alleged unlawful employment practice. Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 469 (3d Cir. 2001). Here, the plaintiff filed a verified charge of discrimination with the PHRC on or about November 27, 2002, which was dual-filed with the EEOC.[3] In the plaintiff's PHRC charge, she asserted that on April 26, 2002, she was suspended without pay by reason of her gender (¶ 8 of charge) and in retaliation for filing prior charges of discrimination against the Sheriff's Office in 1993 and 1999 (¶¶ 14-16 of charge). The administrative charge did not pertain to the plaintiff's termination of employment, which occurred "on or about November 2002" (amended complaint at ¶ 11).

A complainant is precluded from raising any Title VII claim that was not the subject of an administrative charge, did not fall within the scope of that charge, nor was within the scope of an investigation which can reasonably be expected to grow out of the charge, including new acts of discrimination which occurred during the pendency of administrative proceedings. Ostapowicz v. Johnson, 541 F.2d 394, 398-99 (3d Cir. 1976), cert. denied, 429 U.S. 1041 (1977). Accord, Anjelino v. New York Times Co., 200 F.3d 73, 94 (3d Cir. 1999). We believe the

---

3. See, the plaintiff's administrative charge, which is attached as Exhibit A to the County defendants' motion to dismiss. Our review of the plaintiff's charge does not convert the defendants' present motion to one for summary judgment, for "a defendant may supplement the complaint by adding exhibits such as public records and other indisputedly authentic documents underlying the plaintiff's claims." Sentinel Trust Co. v. Universal Bonding Ins. Co., 316 F.3d 213, 216 (3d Cir. 2003).

15

plaintiff's unlawful termination claim in Count I -- which is based on the same facts as her unlawful suspension and retaliation claims -- falls within the scope of her administrative charge, or the investigation which could reasonably be expected to grow out of it.  Hence, the unlawful termination claim in Count I will not be dismissed.

The gender discrimination claim in Count II is brought pursuant to the PHRA and the Equal Rights Amendment of the Pa. Const. Art. 1, § 28 ("PERA").[4]  While a two-year statute of limitations has been applied to claims asserted under PERA, Ryan v. Gen. Machine Products, 277 F.Supp.2d 585, 594 (E.D.Pa. 2003), the limitations period for such claim was equitably tolled for reasons discussed above.  Since "a private right of action is available for cases of gender discrimination under [PERA]", Pfeiffer by Pfeiffer v. Marion Center Area School Dist., 917 F.2d 779, 789 (3d Cir. 1990), both the PHRA and PERA claims may go forward against Washington County and defendants Maggi, Bryker and Rheel.

The plaintiff's claims in Counts III and VI for intentional infliction of emotional distress and § 1983 malicious prosecution respectively will be dismissed as to the County defendants for reasons previously discussed.

In Count IV, the plaintiff asserts a claim for "retaliatory suspension and/or discharge" which was "contrary to public policy and/or union activities and/or prior filings with the [P]HRC and EEOC" (amended complaint at ¶ 51).  The County defendants move to dismiss this claim on grounds it is time-barred and/or fails to state a viable claim.

Under Pennsylvania law, the limitations period governing claims for wrongful

---

4.   PERA provides: "Equality of rights under the law shall not be denied or abridged in the Commonwealth of Pennsylvania because of the sex of the individual."  Pa. Const. Art. 1, § 28.

discharge is two years.  Kuhn v. Oehme Carrier Corp., 255 F.Supp.2d 458, 467 (E.D.Pa. 2003), citing 42 Pa.C.S. § 5524; accord Clark v. Chmielewski, 2004 WL 1503762, *3 (E.D.Pa., Feb. 26, 2004).  However, as the statutory period for this claim was equitably tolled, Count IV is not time-barred.

It is generally the rule that no common-law cause of action for the wrongful discharge of an at-will employee exists under Pennsylvania law.  Borse v. Piece Goods Shop, 963 F.2d 611, 614 (3d Cir. 1992).  Rather, an employer "may discharge an employee with or without cause, at pleasure, unless restrained by some contract."  Id.; Shick v. Shirey, 716 A.2d 1231, 1233 (Pa. 1998).  There is an exception to this rule, however, as explained by the Court in Shick:

> The employer's privilege to dismiss an employee with or without cause is not absolute... and may be qualified by the dictates of public policy.

716 A.2d at 1233.  Also see, Clark v. Modern Group Ltd., 9 F.3d 321, 327-28 (3d Cir. 1993) (stating that an at-will employee may have a cause of action for wrongful discharge if the termination was in violation of a significant, clearly mandated public policy); accord, McLauglin v. Gastrointestinal Specialists, 750 A.2d 283, 287 (Pa. 2000).

In McLaughlin, supra, the Pennsylvania Supreme Court held:

> [I]n order to set forth a claim for wrongful discharge, a plaintiff must do more than show a possible violation of a federal statute that implicates her own interest.  The plaintiff in some way must allege that some public policy of this Commonwealth is implicated, undermined, or violated because of the employer's termination of the employee.  Public policy of the Commonwealth must be just that, the policy of this Commonwealth.

750 A.2d at 289.   Here, encompassed in her wrongful discharge claim, the plaintiff asserts that she was discharged in retaliation for filing a charge of discrimination against her employer with

17

the PHRC, a Commonwealth Agency.

"[A] recognized facet of public policy may be violated by terminating an employee in retribution for exercising a right protected by a Pennsylvania statute [i.e, the PHRA] which, by its plain language, fosters a state public policy." Nazar v. Clark Distribution Systems, 2000 WL 1616785, *37 (Pa.Com.Pl., May 5, 2000). Indeed, in Shick, supra, the Supreme Court of Pennsylvania held that a public policy exception to the at-will doctrine applied where an employee discharged an employee in retaliation for filing a workmen's compensation claim. 716 A.2d at 1237-38.

> In McLaughlin, the Pennsylvania Supreme Court explained:
>
> In cases like Shick, there is no question that the public interest and policy of this Commonwealth were at stake, for if we allowed an employer to discharge an employee for filing a complaint with a Commonwealth agency such as the Workers' Compensation Appeal Board, we impact the rights of that employee and the public by undermining the very purposes of a statute of this Commonwealth.

750 A.2d at 289. Following McLaughlin, the court in Nazar opined that "a state public policy may arguably be contravened by firing an employee in retaliation for submitting a complaint to the PHRC". 2000 WL 1616785, at *37-*38. Accordingly, Count IV will survive the current motion to dismiss.

In Count V, the plaintiff asserts a state law claim for malicious prosecution. In accordance with our previous discussion on this claim, Count V will be dismissed as to Washington County by virtue of the Tort Claims Act, but not as to individual defendants Maggi, Bryker and Rheel.

Thus, the following claims remain for disposition:

18

* In Count One, the gender discrimination claim under 42 U.S.C. § 1983 remains viable as to the Washington County defendants; and the claim under Title VII remains viable as to Washington County;

*In Count Two, the gender discrimination claim under the PHRA and PERA remains viable as to the Washington County defendants;

*In Count Four, the common-law wrongful discharge claim remains viable as to Washington County; and

* In Count Five, the state law malicious prosecution claim remains viable as to all individual defendants.

An appropriate Order will be entered.

O   R   D   E   R

AND NOW, this 2nd day of November, 2006, for the reasons set forth in the Court's Opinion and Order,

IT IS ORDERED that Denise Straffon's motion to dismiss Counts III and VI of the amended complaint (Document No. 35) is granted; that City of Washington and Corporal Daniel Stanek's motion to dismiss Counts III, V and VI of the amended complaint (Document No. 39) is granted as to Counts III and VI, and as to Count V insofar as it pertains to the City of Washington and denied in all other respects; and that the motion to dismiss filed by Washington County, its Sheriff's Office, Larry Maggi, T. William Bryker and John Rheel (Document No. 37) is granted as to all claims against the Washington County Sheriff's Office, as to Counts III and VI, as to the Title VII claim in Count I insofar as it pertains to defendants Maggi, Bryker and Rheel, and as to Count V insofar as it pertains to Washington County and denied in all other respects.

s/ ROBERT C. MITCHELL
United States Magistrate Judge